UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| PORSHA CLAYBORNE, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:06-cv-1875 (JCH) |
| | : | |
| STEVEN McMAHON, et al., | : | NOVEMBER 2, 2007 |
| Defendants. | : | |

**RULING ON DEFENDANT SANTINI'S MOTION TO DISMISS [Dkt. No. 16]**

Plaintiff Porsha Clayborne, a federal inmate, brings this civil rights action pro se against three defendants: Physician's Assistance Santini, Warden Willingham and Counselor Steven McMahon.[1] She alleges that she suffered two seizures after being denied her medication. Defendant Santini now has moved to dismiss the complaint. Despite notice of her obligation to respond, Clayborne did not file a memorandum in opposition to the motion. For the reasons that follow, defendant Santini's motion is granted.

**I.     Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court does not determine whether the plaintiff ultimately will prevail. Instead, the court determines whether the plaintiff should be permitted to present evidence to support her claims. See York v. Association of Bar of

---

[1] On June 19, 2007, the court filed an Initial Review Order construing the complaint as filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971), and dismissing all claims against defendants Willingham and McMahon.

City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

## II.     Facts

Clayborne arrived at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), on January 26, 2005.[2] Upon her arrival she was given her medication. The following day, defendant Santini told Clayborne that she could not dispense the medication because the doctor had not "signed off on" the medication. Clayborne told defendant Santini that she could experience a seizure if she did not receive the medication. Clayborne did not receive her medication for four days. She began receiving her medication on January 31, 2005, after she experienced a grand mal seizure.

Clayborne received her medication from January 31 through February 6, 2005. On February 7, 2005, she arrived late at the "pill line" and an unidentified physician's assistant refused to dispense her medication. On February 8, 2005, Clayborne experienced a seizure while in the shower. She fell and broke her ankle.

## III.    Discussion

---

Clayborne alleges in the original Complaint that she arrived at FCI Danbury on January 26, 2005. She alleges in the Amended Complaint that she arrived on January 28, 2005. Because Clayborne alleges in both complaints that she did not receive her medication for four days prior to January 31, 2005, the court assumes that the correct arrival date is January 26, 2007.

2

Defendant Santini moves to dismiss the complaint because Clayborne fails to state a claim for deliberate indifference to serious medical needs.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).[3] To prevail on this claim, Clayborne must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to her serious medical need. Id. at 106. She must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05.

Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation," id.; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298

---

[3] Because a Bivens action is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983, the courts look to section 1983 cases for applicable law. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

(1991). "[A] condition of urgency, one that may produce death, degeneration, or extreme pain" must exist. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.1996) (internal quotations and citations omitted).

Clayborne also must present evidence that, subjectively, defendant Santini acted with "a sufficiently culpable state of mind," Hathaway, 37 F.3d at 66, the equivalent of "criminal recklessness." Hemmings v. Gorczyk, 134 F.3d 104, 109 (2d Cir.1998) (internal quotations omitted). To do this, Clayborne must show that defendant Santini was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and also that she drew that inference. See Hathaway, 99 F.3d at 553.

In the Order directing Clayborne to file an amended complaint, the court required her to allege facts demonstrating how each defendant was involved in the incidents underlying her claims. See Order, Dkt. No. 7. The only allegation regarding defendant Santini in the Amended Complaint is that defendant Santini refused to dispense Clayborne's medication on the day after her arrival at FCI Danbury, because the doctor had not yet "signed off" on the medication.

Failure to follow institutional procedures or protocol in dispensing medication could give rise to a claim of negligence or, possibly, deliberate indifference to a serious medical need. See Russo v. City of Bridgeport, 479 F.3d 196, 210 (2d Cir. 2007) (noting that police officer's failure to follow police procedures is additional evidence that could support a jury finding of deliberate indifference to plaintiff's incarceration and claim of innocence). Clayborne, however, has alleged that defendant Santini followed institutional procedures requiring the doctor to approve all medications before the

4

medications could be dispensed.  In addition, Clayborne does not allege that she suffered any ill effects from the denial of medication on that one day.[4]  Research has revealed no cases finding deliberate indifference where a medical provider followed institutional procedures.  Thus, the court can discern no basis for liability on the facts alleged.  Accordingly, defendant Santini's motion to dismiss is granted.

IV.    **Conclusion**

Defendant Santini's Motion to Dismiss [**Dkt. No. 16**] is **GRANTED**.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 2nd day of November, 2007, at Bridgeport, Connecticut.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[4] Clayborne alleges that she suffered a seizure on January 31, 2005, after not receiving her medication for three additional days and that she suffered a second seizure on February 8, 2005, causing her to fall and break her ankle, after she was refused her medication when she arrived late to the pill line the evening before.  Clayborne does not allege that defendant Santini was involved in the denial of medication on any of these days.

5